UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARC NOLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17MC00116 AGF |
| | ) | |
| METLIFE SECURITIES, INC., | ) | |
| MICHAEL J. GELINA, and | ) | |
| FINRA REGULATION INC., | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM AND ORDER CONFRIMING ARBITRATION AWARD**

This matter seeking confirmation of an arbitration award is before the Court on Plaintiff's motion for default judgment against Defendants MetLife Securities, Inc., Michael Gelina, and FINRA Regulation, Inc. On March 1, 2016, an arbitration panel of the Financial Industry Regulation Authority, Inc. ("FINRA") issued an Award in favor of Plaintiff, ordering, among other things, the expungement of all references to Occurrence Number 1678183 from Plaintiff's records maintained by the Central Registration Depository. ECF No. 1-3. On February 27, 2017, Plaintiff filed the present action to confirm the arbitration award.

On May 15, 2017, the Clerk of Court granted Plaintiff's motion for entry of default as to MetLife Securities, Inc., and FINRA Regulation, Inc., and denied the motion as to Gelina, who had not been served. Plaintiff now agrees to the dismissal of Gelina from this action without prejudice, and moves for default judgment against the other two

Defendants in the form of a Court Order, ordering the expungement of all references to Occurrence Number 1678183 from Nolan's registration records maintained by the Central Registration Depository.

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted).

"An arbitrator's decision is subject to limited judicial review. The Federal Arbitration Act (FAA), 9 U.S.C. §§ 9–11, provides judicial review to confirm, vacate, or modify arbitration awards. Courts must confirm an arbitration award unless it is vacated, modified, or corrected [due to corruption, fraud, partiality, or an abuse of power]." *Med. Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 488 (8th Cir. 2010) (citation omitted). Here, there are no discernable grounds to vacate the arbitration award, therefore it must be confirmed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Michael J. Gelina is dismissed from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for entry of default judgment confirming the arbitration award rendered in *Marc J. Nolan v. MetLife Securities, Inc., and Michael Gelina*, FINRA Arbitration No. 14-01639, is **GRANTED**. ECF No. 6.

**IT IS FURTHER ORDERED** that all matters in the above-noted arbitration award, including, the expungement of all references to Occurrence Number 1678183 from Plaintiff Nolan's registration records maintained by the Central Registration Depository, will be treated as if ordered by this Court.

**IT IS FURTHER ORDERED** that the Financial Industry Regulation Authority shall expunge Plaintiff Nolan's registration records consistent with this Order.

**IT IS FURTHER ORDERED** that judgment is entered in favor of Plaintiff, and that this matter is **CLOSED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2017.